# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CAROLYN R. BENDA,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0803**  (BOR Appeal No. 2046898)
                              (Claim No. 2010107747)

**FAYETTE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carolyn R. Benda, by John Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Fayette County Board of Education, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 7, 2012, in which the Board affirmed a February 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 15, 2010, decision denying Ms. Benda's request to reopen her claim for temporary total disability benefits and medical benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Benda slipped and fell on September 17, 2009, while employed as a teacher with the Fayette County Board of Education. She sought medical treatment on September 19, 2009, and stated that she had injured her right thigh and right elbow in a fall. On October 8, 2009, the claims administrator held the claim compensable for sprain/strain of the elbow, sprain/strain of the shoulder, sprain/strain of the hip/thigh, and lumbosacral sprain/strain. Ms. Benda subsequently received temporary total disability benefits in connection with this claim.

1

On October 18, 2009, Ms. Benda reported that she had recently injured her left shoulder and back after slipping and falling on a puddle of water in a store. On January 6, 2010, the claims administrator closed the claim arising from the September 17, 2009, compensable injury for temporary total disability benefits. On August 12, 2010, Ms. Benda underwent a CT scan of her left shoulder which revealed a full-thickness tear of the rotator cuff tendon. On August 16, 2010, Ms. Benda filed an application to reopen her claim for temporary total disability benefits alleging that she sustained an aggravation or progression of her compensable injury and also alleging the existence of new facts in the evidentiary record that had not been previously considered. On October 15, 2010, the claims administrator denied Ms. Benda's request to reopen her claim for temporary total disability benefits and medical benefits.

In October of 2010, Ms. Benda came under the care of John Jasko, M.D., whose treatment notes indicate that Ms. Benda reported injuring her left shoulder in a fall at work on September 17, 2009. After extended treatment, Dr. Jasko eventually performed an arthroscopic repair of Ms. Benda's torn left rotator cuff. In a letter to Ms. Benda's attorney dated October 25, 2011, Dr. Jasko stated that Ms. Benda indicated to him that her September 17, 2009, fall at work initiated her problems with her left shoulder. He stated that Ms. Benda did not report sustaining an intervening injury after September 17, 2009, and that it is therefore plausible to consider her current condition an aggravation or progression of the September 17, 2009, work-related injury. Dr. Jasko then stated that Ms. Benda was temporarily and totally disabled from November 16, 2010, the date of her rotator cuff repair, through February 23, 2011.

In its Order affirming the October 15, 2010, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that Ms. Benda is not entitled to a reopening of her claim because she has not suffered a progression or aggravation of her compensable September 17, 2009, injury, and that there are no facts previously unconsidered in the claim as is necessary for a reopening under West Virginia Code § 23-5-3 (2009). The Office of Judges also directed the claims administrator to issue protestable Orders either granting or denying multiple requests for treatment made by Ms. Benda.

The Office of Judges found that there is no persuasive medical evidence linking Ms. Benda's application to reopen her claim for temporary total disability benefits with the September 17, 2009, compensable injury. Further, the Office of Judges found that Dr. Jasko, who completed the application to reopen the claim for temporary total disability benefits, appears to be completely unaware of Ms. Benda's injury that occurred in October of 2009. Therefore, the Office of Judges concluded that Dr. Jasko's opinion is unpersuasive. As was noted by the Office of Judges, the preponderance of the evidence establishes that Ms. Benda's left rotator cuff tear, for which she seeks temporary total disability benefits, is attributable to an intervening, non-work-related injury that occurred in October of 2009. With regard to Ms. Benda's request to reopen her claim for medical treatment, the Office of Judges found that the claims administrator's decision did not specifically deny any particular form of medical treatment. It therefore instructed the claims administrator to either grant or deny authorization for each of the specifically requested treatments by protestable Order. The Board of Review reached the same reasoned conclusions in its decision of June 7, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum